**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JOE HARTSOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:07-cv-225-DFH-WTL |
| | ) | |
| STANLEY KNIGHT, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

This cause is before the court on the petition of Joe Hartsock ("Hartsock") for a writ of habeas corpus, on the respondent's return to order to show cause, and on the expanded record.

Hartsock is a state prisoner who was disciplined in a proceeding identified as No. ISR 06-06-0059. In that case, he was found guilty of violating prison rules by refusing to obey an order. The basis of the charge and of the conduct board's finding was that on June 7, 2006, Officer Jackson stopped at the cell to which Hartsock was assigned at the Pendleton Correctional Facility, an Indiana prison, took the drape down from Hartsock's cell front, and ordered Hartsock to keep the drape (sheet) down. Officer Jackson passed by the same cell 10 minutes later and saw that Hartsock had his drape placed across his cell bars. Contending that the proceeding was constitutionally infirm, Hartsock now seeks a writ of habeas corpus.

Whereupon the court, having read and considered such pleadings and record, and being duly advised, now finds that Hartsock's petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:[1]

1.      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

---

[1] Hartsock has not replied to the respondent's motion to dismiss. he effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

2.      "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Hartsock was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

3.      Using the protections recognized in *Wolff* and *Hill* as an analytical template, Hartsock received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Hartsock was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Hartsock's claims otherwise are that: 1) there were violations of prison regulations regarding the hearing; 2) the conduct board was not impartial; and 3) he was denied a written copy of the conduct board's findings. His arguments in support of these claims, however, are unpersuasive. Specifically, 1) the mere violation of a prison policy does not even constitute a cognizable claim under § 2254, *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996), 2) Hartsock was not denied an impartial decision-maker, because a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process, *Wolff,* 418 U.S. at 571, and 3) the expanded record shows that, although Hartsock left the hearing after becoming disruptive, a copy of the conduct report was sent to him via the prison mail.

4.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Hartsock to the relief he seeks. His arguments otherwise are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition must be **denied**. Judgment consistent with this Entry shall now issue.

So ordered.

_____
DAVID F. HAMILTON, Judge
United States District Court

Date: _____
10/18/2007